01400-55932(RER)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BETTY FROST | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| VS. | )   NO. <u>1-04-1155-T/AN</u> |
| | ) |
| ALLSTATE INSURANCE COMPANY | ) |
| | ) |
|     DEFENDANT. | ) |

## JOINT PRE-TRIAL ORDER

Come now the parties, and submit this Joint Pre-Trial Order as follows:

### I. JURISDICTIONAL QUESTIONS

Jurisdiction is not disputed at this time, the matter having been removed to the United States District Court for the Western District of Tennessee, Eastern Division, at Jackson, with jurisdiction conferred under 28 U.S.C. § 1332 in that a diversity of citizenship exists and the amount in controversy herein is more than $75,000.00.

### II.   PENDING MOTIONS

    A.    Plaintiff's Pending Motions

        None.

    B.    Defendants' Pending Motions

        None.

### III.   CONTENTIONS OF THE PARTIES

    A.    Plaintiff's Contentions

01400-55932(RER)

Plaintiff contends that her home, located at 3322 Charlie Pounds Road, Stantonville, Tennessee ("the home"), was covered for losses resulting from fire under Allstate Deluxe Homeowners Policy number 930223474. Further, Plaintiff contends that the insurance policy covering fire losses was in full force and effect on March 29, 2003. Plaintiff maintains that a fire occurred at the home on March 29, 2003 which destroyed and/or damaged the property rendering the property and the contents virtually worthless. Plaintiff contends that she gave proper notice of the loss to Defendant Allstate Insurance Company, that she properly performed all policy requirements and fully cooperated with Allstate Insurance Company subsequent to the loss. Additionally, Plaintiff contends that she did not intentionally burn her property, nor did she procure any individual to burn the home and its contents. Plaintiff maintains that she is entitled to all proceeds under the policy of insurance at issue, and that Defendant Allstate Insurance Company's denial of her claim was wrongful.

B.   Defendants' Contentions

Defendant contends that it is not liable to Plaintiff for any sum under the policy of insurance at issue for the reason that Plaintiff intentionally burned or procured the burning of the insured premises which is a complete and absolute defense to payment fo Plaintiff's claim. Defendant further contends that Plaintiff intentionally concealed or misrepresented material facts to Defendant. As such, the policy of insurance at issue is void and no sums are owing under the policy. Additionally, Defendant contends that as part of its obligation under the policy of insurance and the laws of the State of Tennessee, it has made payment to the properly noted mortgage holder of the insured premises in the amount of $42,589.32, which amount should be credited to Defendant if it is fact found to be liable to Plaintiff for

01400-55932(RER)

any sum.

## IV. SPECIFIC FACTS STIPULATED TO BY THE PARTIES

A. The contract of insurance was in full force and effect at the time of the fire loss at issue.

B. Allstate Insurance Company paid the properly noted mortgage holder of the insured premises the amount of $42,589.32.

C. Plaintiff submitted a Sworn Statement in Proof of Loss to Defendant Allstate Insurance Company.

D. Plaintiff had paid all premiums due on the policy at the time of the fire loss.

## IV. CONTESTED ISSUES

A. Contested Issues of Fact

1. Did Plaintiff intentionally cause or direct the burning of the insured premises?

2. Did Plaintiff intentionally conceal or make misrepresentations as to material facts?

3. Whether Defendant is liable to Plaintiff under the terms of the insurance policy that was in full force and effect?

B. Contested Issues of Law

## V. EXHIBITS

A. Plaintiff's Exhibits

1. Sworn Statement in Proof of Loss
2. Transcript of Examination Under Oath of Betty Frost
3. Transcript of Examination Under Oath of Ronnie Surratt
4. Personal Property Inventory Forms
5. Letter from Allstate Insurance Company, dated June 19, 2003, denying

01400-55932(RER)

claim.

  6. Copy of Applicable Allstate Insurance Company Allstate Deluxe Homeowners Policy
  7. Allstate Insurance Company Form Number A172831
  8. Allstate Insurance Company Authorization
  9. Allstate Insurance Company Non-Waiver Agreement-Property Lines
  10. Photographs-Provided by Defendant

 B. Defendants' Exhibits

  1. Examination Under Oath of Betty Frost taken on May 6, 2005
  2. Examination Under Oath of Ronnie Surratt taken on May 6, 2005
  3. Deed of Trust
  4. Assignment of Deed of Trust
  5. Warranty Deeds
  6. Application for Insurance
  7. Allstate Insurance Policy of Insurance
  8. 911 Report
  9. Jerry Hinson Invoice, Repairs to Kitchen
  10. Alton Fire Department Report
  11. Stantonville Fire Reports
  12. Sworn Statement in Proof of Loss
  13. Inventory and Contents Lists Prepared by Plaintiff
  14. Denial Letter Dated June 19, 2003
  15. Photograph Log of Rick Eley
  16. Diagram by Rick Eley
  17. Photographs by Rick Eley
  18. Photograph Log of Lonnie Buie
  19. Photographs by Lonnie Buie.

## VI. WITNESSES

 A. Plaintiff's Witnesses

  1. Will Call - The following witnesses will be called by Plaintiff:

   (a) Betty Frost.

  2. May Call - The following witnesses may be called by Plaintiff:

   (a) Ronnie Surratt,

   (b) Rick Welch,

   (c) A representative of Option One Mortgage.

01400-55932(RER)

    B.    Defendant's Witnesses

        1.    Will Call - The following witnesses will be called by Defendants:

            (a)    Betty Frost,

            (b)    Ronnie Surratt.

        2.    May Call - The following witnesses may be called by Defendants:

            (a)    Rick Eley,

            (b)    Lonnie Buie,

            (c)    Scott Griffen,

            (d)    Ricky Surratt,

            (e)    David Johnson,

            (f)    Rick Welch

            (g)    Representative of Allstate Insurance Company.

In the event any additional witnesses or exhibits are to be offered, the party intending to offer the witnesses or exhibits shall notify opposing counsel as soon as possible prior to trial. In the case of additional witnesses, the notification shall include their names and addresses and the general subject matter of their testimony. In the case of additional exhibits, a description of the contents shall be provided. Any party seeking to add additional witnesses or exhibits, must show good cause for the omission of the witnesses or exhibits from this order.

The above notification requirements shall not apply to rebuttal witnesses and exhibits which could not reasonably have been anticipated prior to trial. It is anticipated that the trial will last two (2) to four (4) days.

01400-55932(RER)

IT IS SO ORDERED this the 25th day of August, 2005.

_____
JAMES D. TODD, JUDGE

APPROVED FOR ENTRY:

By: _____ (#23039)
TERRY ABERNATHY
Attorney for Plaintiff
P.O. Box 441
Selmer, TN 38375


By: _____ (#23039)
RUSSELL E. REVIERE (BPR #07166)
Attorneys for Defendant
209 East Main Street
P.O. Box 1147
Jackson, TN 38302-1147
(731) 423-2414

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 1:04-CV-01155 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Terry Abernathy
ABERNATHY LAW FIRM
P.O. Box 441
Selmer, TN 38375

Ronnie Brooks
McNairy Cty Criminal Justice Ctr.
300 Industrial Park Dr.
Selmer, TN 38375

Russell E. Reviere
RAINEY KIZER REVIERE & BELL
209 E. Main Street
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT